UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FORD MOTOR CO.,

              Plaintiff,

- against -

RUSSIAN FEDERATION, ET AL.,

              Defendants.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/23/09

09 Civ. 1646 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

    The defendant has filed a motion to dismiss the complaint for lack of proper service and lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602-11.

    At oral argument, the plaintiff informed the Court that proper service had been made under 28 U.S.C. § 1608(a)(4). However, the defendants' December 22, 2009 letter to the Court indicates that the documents served on the defendants were not translated into Russian as required by the statute. The defendants also indicate that they will not waive this statutory requirement.

    There must be both proper service of process and subject matter jurisdiction for this Court to have personal jurisdiction over the defendant. See Figueiredo Ferraz Consultoria E Engenharia De Projeto LTDA. v. Republic of Peru, No. 08 Civ. 492, 2009 WL 2981947, at *8 (S.D.N.Y. Sept. 8, 2009) (personal

jurisdiction over a foreign state requires both subject matter jurisdiction plus service of process). Other courts faced with a motion to dismiss for lack of proper service and lack of subject matter jurisdiction on sovereign immunity grounds have addressed the service of process issue first. See, e.g., Glencore Denrees Paris v. Dep't of Nat'l Store Branch, No. 99 Civ. 8607, 2008 WL 4298609, at *2 (S.D.N.Y. Sept. 19, 2008). Because of the complexity of the issues under the Foreign Sovereign Immunities Act, the Court declines to resolve the issue of subject matter jurisdiction before there has been proper service of process.

Therefore, the plaintiff's time to effectuate proper service of process is extended to **January 22, 2010**. The defendants' motion to dismiss is **denied without prejudice**. The defendants may renew the motion to dismiss on any grounds by **February 5, 2010**.

The Clerk is directed to close Docket No. 11.

SO ORDERED.

Dated:   New York, New York
         December 22, 2009

                                          John G. Koeltl
                                          United States District Judge